SUMMARY ORDER

Petitioner Jian Xin Cao, a native and citizen of the People’s Republic of China, seeks review of a March 6, 2008 order of the BIA denying his motion to reopen. In re Jian Xin Cao, No. A78 411 918 (B.I.A. Mar. 6, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Cao’s untimely motion to reopen or in finding him ineligible to file a successive asylum application.
Cao argues that the BIA erred by relying on its precedential decisions to summarily conclude that he failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen or his prima facie eligibility for relief. However, these arguments fail where we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. See id. at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”). Additionally, contrary to Cao’s argument, the BIA reasonably declined to credit his unauthenticated evidence given the agency’s underlying adverse credibility determination. See Qin Wen Zheng v. Gonzales, 500 F.3d 143, 146-47 (2d Cir.2007); see also Siewe v. Gonzales, 480 F.3d 160, 170 (2d Cir.2007). We further note that the 1988-2007 fine *270 schedule for violations of the family planning policy in the record does not demonstrate a change in country conditions and does not indicate that it is the fine schedule for Cao’s home province.
Finally, the BIA’s determination that Cao was ineligible to file a successive asylum application was not in error. See Yuen Jin v. Mukasey, 538 F.3d 143, 156, 158-59 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).